**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

**DAVID BRIESON FLYNN,**
                         **PETITIONER,**

**V.**                                                      **Case No.  A-24-CV-01395-DII**

**WILLIAMSON COUNTY,**
                         **RESPONDENT.**

_____

**ORDER**

Before the Court is Petitioner's petition, which the Court construes as a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241.  (ECF No. 1).  The Court grants Petitioner leave to proceed in forma pauperis.  After consideration of the petition, the Court dismisses it without prejudice.

Because Petitioner is a state pretrial detainee, his habeas petition is construed as one brought pursuant to 28 U.S.C. § 2241. To warrant habeas relief under section 2241, a state petitioner must be in custody and must have exhausted all available state remedies.  *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484 (1973). Although exhaustion of state remedies is mandated by statute only for post-trial habeas claims under 28 U.S.C. § 2254(b), well-established Fifth Circuit precedent holds that the federal courts should abstain from exercising jurisdiction over pretrial habeas claims if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner. *See Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *Brown v. Estelle*, 530 F.2d 1280, 1284 (5th Cir. 1976).  Federal habeas relief should not be used as a "pre-trial motion forum for state prisoners."  *Braden*, 410 U.S. at 493.

Based on the litigation history described in Petitioner's petition, he plainly has not exhausted his state court remedies.  He also has not shown that trial or existing state procedures, including pretrial habeas review, direct appeal, and post-trial state habeas review, are insufficient to protect his constitutional rights.  Accordingly, the claims raised in his habeas corpus petition are unexhausted and may not go forward here.

Moreover, his claims are subject to application of the *Younger* abstention doctrine.  The *Younger* abstention doctrine discourages federal courts from interfering with state criminal proceedings except in extraordinary circumstances where the danger of irreparable loss is both great and immediate. *Younger v. Harris*, 401 U.S. 37, 45 (1971). Its purpose is to protect on federalism grounds the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction, and to limit federal interference in the state adjudicatory process. *See Dickerson*, 816 F.3d at 225; *Braden*, 410 U.S. at 490–91.  In short, it is to prevent federal habeas relief's use as a "pre-trial motion forum for state prisoners." *Braden*, 410 U.S. at 493.

The *Younger* doctrine requires that federal courts decline to exercise jurisdiction over a state criminal defendant's claims when three conditions are met: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the [petitioner] has an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Defender Bd.*, 677 F.3d 712, 716 (5th Cir. 2012).  All prerequisites for abstention under *Younger* are met in the instant case.

In addition, Petitioner appears to seek mandamus relief.  He asks the Court to "make this [state] court accountable for what the law has given to help in anyway to forward [Plaintiff] to Camp Hope for treatment."  The Court is without jurisdiction to mandamus the state court.

Although the writ of mandamus was abolished by Fed. R. Civ. P. 81(b), federal courts may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.  28 U.S.C. § 1651.  Actions in the nature of mandamus are provided for in 28 U.S.C. § 1361, which states as follows:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

Federal district courts do not have jurisdiction to issue the writ against a state actor or agency. *See generally Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275 (5th Cir. 1973); *accord, Noble v. Cain*, 123 Fed. Appx. 151 (5th Cir. Feb.16, 2005) (available at 2005 WL 361818) (citing *Moye* to hold federal mandamus relief is not available to direct state officials in the performance of their duties). As such, mandamus relief is not available to compel or direct the actions of state officials or other non-federal employees. *Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988); *Gurley v. Superior Court of Mecklenburg Cnty.*, 411 F.2d 586, 587 (4th Cir. 1969).

It is therefore **ORDERED** that Petitioner is **GRANTED** leave to proceed in forma pauperis and the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 1), filed by Petitioner David Brieson Flynn, is **DISMISSED WITHOUT PREJUDICE**.

It is finally **ORDERED** that a certificate of appealability is **DENIED**.

**SIGNED** on November 19, 2024.


ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

3